*209 OPINION.
Teussell:
The petitioner, admitting inability to substantiate the allegations, has abandoned all of the issues raised in the petitions save three.
The first issue is disposed of by the admission of the respondent at the hearing that the mathematical error in the amount of $2,639.25 has resulted as claimed in an overstatement of the income for 1920. Accordingly, the income should be recomputed.
With respect to the second issue the petitioner argues that the control exercised by Wunder through his dominance in the business management of the three corporations is the control within the in-tendment of section 240 (b) of the Revenue Act of 1918 and section 240 (c) of the Revenue Act of 1921, providing for consolidation of affiliated corporations. The petitioner contends that the reason for the acquiescence of the minority interest in the sole management of Wunder was the financial condition of the Trap Rock Company, and especially the fact that it was heavily indebted to the petitioner and to Wunder personally. While these are good reasons for the acquiescence of the minority, and the advantage derived is obvious, we think there is no satisfactory evidence that the income of the corporations was arbitrarily shifted or that the minority interest was suffered to be arbitrarily damaged in any way. The relatively large minority interest in the Trap Rock Company has no interest whatever in the other two corporations, and there is, therefore, a diversity of beneficial interest.
The control required by the statutes is that of the beneficial interest. There must be a substantial identity of interest to effect consolidation. Ice Service Co. v. Commissioner, 30 Fed. (2d) 230; Commissioner v. Hirsch & Co., 30 Fed. (2d) 646; Goldstein Bros. Amusement Co. v. White, 33 Fed. (2d) 787; American Auto Trimming Co. v. Lucas, 37 Fed. (2d) 801. See our extended discussion in Continental Products Co., 20 B. T. A. 818.
We therefore conclude that the Trap Rock Company may not be included in the consolidated group of the petitioner and the John Wunder Company.
*210 With respect to the third issue it appears that the petitioner has never entered into an agreement with respect to the apportioning of the tax liability determined upon the consolidated basis for 1921, and that it did not operate in that year, and it had no income in that year. These facts bring this case squarely within the provisions of section 240 (b) of the Revenue Act of 1921, reading as follows:
In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.
There is no authority for the proposed apportionment of the tax liability for 1921 to the petitioner. Cincinnati Mining Co., 8 B. T. A. 79; Aragon Mills, 17 B. T. A. 257; Anaheim Sugar Co., 21 B. T. A. 1092.
Reviewed by the Board.

Decision mil ~be entered pursucmt to Rule 50.